MILLS, Judge.
The • employer/carrier appeal from a workers’ compensation order contending the deputy’s finding that Carter sustained a compensable injury is not supported by competent substantial evidence. We do not agree and affirm.
Carter was a waitress at the Boca Banana Boat, a restaurant in Fort Lauder-dale. On 18 July 1983, while going into the kitchen, she slipped on some water, fell, and injured her shoulder, neck, and back. She was treated for her injuries by Dr. Bruns, who diagnosed a possible lumbar herniation. Carter began wearing a back support and returned to work.
On 15 August 1983, Carter was on the job carrying a tray of glasses. She testified that she felt a sharp pain in her back. She again fell, struck her head, went into a seizure, and sustained serious damage to her teeth. Doris Dixon, who witnessed the fall, testified that she saw Carter grab her back and then fall. Dr. Perry testified that he did not know whether Carter slipped and fell or whether she had a seizure and fell.
The employer/carrier argue that Carter’s testimony does not reveal what caused her to fall, that Doris Dixon’s testimony is consistent with Carter having had a seizure before falling, and that the medical testimony about the cause of Carter’s fall is also unclear.
Apparently, the employer/carrier contend that Carter’s injuries resulted from an idiopathic fall, and, therefore, are not com-pensable. Not so. Clearly, there is compe *139 tent substantial evidence that Carter’s back pain caused her to fall.
AFFIRMED.
SHIVERS and WIGGINTON, JJ., concur.